Tracie Childs, CA Bar No. 190806
tracie.childs@ogletree.com
Keenan P. O'Connor, CA Bar No. 311800
keenan.OConnor@ogletree.com
Brett R. Tengberg, CA Bar No. 318436
brett.tengberg@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
4660 La Jolla Village Drive, Suite 900
San Diego, CA 92122
Telephone: 858-652-3100
Facsimile: 858-652-3101

Attorneys for Defendant NEOVIA LOGISTICS DISTRIBUTION, LP

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

SIERRA SANDERS, individually, and on behalf of other members of the general public similarly situated;

Plaintiff,

vs.

NEOVIA LOGISTICS DISTRIBUTION, LP, a Delaware limited partnership; and DOES 1 through 100, inclusive,

Defendants.

Case No. CaseNumber

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§1442 & 1332(D)**

[Filed concurrently with Defendant's Civil Cover Sheet, Notice of Interested Parties/ Disclosure Statement, Notice or Related Cases, and Declarations of Tracie Childs, Howin Chan, Nancy Sarmiento]

Action Filed: August 21, 2023
Trial Date: None Set

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD**

PLEASE TAKE NOTICE that Defendant NEOVIA LOGISTICS DISTRIBUTION, LP (hereinafter "Neovia Distribution") removes this putative action to the United States District Court for the Central District of California under 28 U.S.C. § 1332(d) (the Class Action Fairness Act ["CAFA"]) and § 1446 on the following grounds: (1) Defendant is a citizen of a State different than Plaintiff; (2) the number of members of the proposed plaintiff class is over 100; and (3) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. All CAFA requirements are satisfied.

The foregoing facts were true when Plaintiff filed her Class Action Complaint ("Complaint") and remain true as of the date of filing this Notice of Removal. Removal jurisdiction is therefore appropriate as detailed more fully below.

## I. STATE COURT ACTION

1. On August 21, 2023, Plaintiff SIERRA SANDERS ("Plaintiff") filed a putative Class Action Complaint (the "Complaint") in the Superior Court of California, County of Riverside ("Action"). The Action was assigned Case No. CVRI2304361. *See*, Declaration of Tracie Childs ["Childs Decl."], ¶ 2; Ex. 1 (Complaint). A copy of the Class Action Complaint is attached as **Exhibit 1.**

2. Plaintiff served the Complaint on Defendant on August 31, 2023. *See*, Childs Decl., ¶ #; Ex. 2 (Proof of Service). A copy of the proof of service is attached as **Exhibit 2.**

## II. REMOVAL IS TIMELY

3. Under 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6(a), Defendant's deadline to remove the Action is within 30 days after the receipt of the Complaint. (*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 US 344, 354 (1999)). Here, the deadline to remove is October 2, 2023; therefore, this Notice of

Removal is timely.

## III. REMOVAL IS PROPER UNDER CAFA

4. CAFA grants district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which (1) any member of a class of plaintiffs is a citizen of a state different from any defendant; (2) the number of members of all proposed plaintiff classes in the aggregate is over 100; and (3) where the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs. 28 U.S.C. § 1332(d). CAFA authorizes the removal of such actions under 28 U.S.C. § 1446.

5. Plaintiff's complaint alleges the following causes of action: (1) Failure to Pay Overtime Wages [Cal. Lab. Code §§ 510, and 1198]; (2) Failure to Provide Meal Periods [Cal. Lab. Code §§ 226.7, 512(a)]; (3) Failure to Permit Rest Breaks [Cal. Lab. Code §§ 226.7]; (4) Failure to Pay Minimum Wages [Cal. Lab. Code §§ 1194, 1197 and 1197.1]; (5) Failure to Pay All Wages Due Upon Separation of Employment [Cal. Lab. Code §§ 201, 202]; (6) Failure to Pay Wages Timely During Employment [Cal. Lab. Code §§ 201, 202]; (7) Failure to Provide Accurate Itemized Wage Statements [Cal. Lab. Code § 226]; (8) Failure to Keep Payroll Records [Cal. Lab. Code § 1174(d)]; (9) Failure to Reimburse Business Expenses [Cal. Lab. Code § 2802]; and (10) Unfair Business Practices [Cal. Bus. & Prof Code §§ 17200, et seq.]. (*See* Ex. 1).

6. As outlined further below, this Court has original jurisdiction over the Action under CAFA because it is a civil case filed as class action wherein at least one member of the putative class is a citizen of a State different from Defendant, the number of individuals in the proposed class is over 100, and the matter in controversy exceeds $5,000,000, exclusive of interest and costs.

### A. CAFA's Diversity of Citizenship Requirement is Satisfied

7. CAFA's diversity requirement is satisfied "so long as 'any member of a class of plaintiffs is a citizen of a State different from any defendant.'" *Bradford v.*

*Bank of Am. Corp.*, No. CV 15-5201-GHK (JCX), 2015 WL 5311089, at *3 (C.D. Cal. Sept. 10, 2015) (citing *California v. IntelliGender, LLC*, 771 F.3d 1169, 1172 (9th Cir. 2014)); 28 U.S.C. §§ 1332(d)(2), 1453(a), (b).

8. Limited Partnerships are treated as unincorporated associations for purposes of determining citizenship under CAFA. Under CAFA, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized" (28 U.S.C. § 1332(d)). "In sum, we conclude that the term 'unincorporated association' in § 1132(d)(10) refers to **all** non-corporate business entities" which includes limited partnerships. *Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 705 (4th Cir. 2010). This rule "departs from the rule that frequently destroys diversity jurisdiction, that [an] unincorporated association's citizenship for diversity purposes can be determined only by reference to all of the entity's member." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006)(citation omitted).

9. At all relevant times, Plaintiff has been a resident of the State of California within the meaning of 28 U.S.C. § 1332(a). (*See* Comp., ¶ 5.)

10. At all relevant times, Defendant Neovia Logistics Distribution, LP has been a citizen of the States of Delaware and Texas. (*See* Sarmiento Decl., at ¶ 2.)

11. Neovia Logistics Distribution, LP, was originally formed as a limited liability company under the laws of the state of Delaware as MIQ Distribution, LLC. On July 19, 2013, MIQ Distribution, LLC was renamed Neovia Logistics Distribution, LLC. On February 19, 2015, Neovia Logistics Distribution, LLC was converted into a limited partnership and renamed Neovia Logistics Distribution, LP. It is headquartered and has its principal place of business in Irving, Texas. (*Id.* at ¶ 2.) The sole limited partner of Neovia Logistics Distribution, LP is Neovia Logistics, LP, a limited partnership formed and existing under the laws of the state of Delaware, which also maintains its headquarters and principal place of business in Irving, Texas. (*Id*.) Neovia Logistics, LP is solely owned by Neovia Acquisition, LLC, a limited liability

company formed and existing under the laws of the state of Delaware, which also maintains its headquarters and principal place of business in Irving, Texas. (*Id*.) Since being acquired, its executive management has directed, controlled, and coordinated its activities from there. (Sarmiento Decl., ¶¶2, 3)

12. Here, minimal diversity is established because, at all relevant times, Plaintiff and Defendant have been citizens of different States; therefore, removal is proper under 28 U.S.C. § 1332(d). *Serrano v. 180 Connect Inc.*, 478 F.3d 1018, 1019 (9th Cir. 2007).

**B. <u>CAFA's Class Size Requirement is Satisfied</u>**

13. Plaintiff brings the Action pursuant to California Code of Civil Procedure § 382 on behalf of numerous subclasses (collectively defined as the "Class"), including persons that fall within this category:

> "All current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment and who reside in California" (Ex. 1, Comp. ¶ 13).

14. From August 21, 2019, through the date of this Notice of Removal, Defendant employed at least 1,548 employees in the putative class. (Howin Decl. ¶¶ 3.) Thus, CAFA's size requirement is satisfied.

**C. <u>CAFA's Requisite $5 Million Amount in Controversy is Satisfied</u>**

15. CAFA authorizes the removal of class action cases in which the amount in controversy for all class members exceeds $5 million. 28 U.S.C. § 1332(d).

16. Under CAFA, the "District Court [must] determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [a plaintiff's] proposed class and determine whether the resulting sum exceeds $5 million." *Standard Fire Ins. Co. v. Knowles*, 133 S.Ct. 1345, 1348 (2013). Courts look to the allegations in the complaint in determining the amount in controversy. *LaCross v.* Knight *Trans. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015)

("[O]ur first source of reference in determining the amount in controversy [is] plaintiff's complaint"). "In determining the amount in controversy, the Court accepts the allegations contained in the complaint as true and assumes the jury will return a verdict in the plaintiff's favor on every claim." *Henry v. Central Freight Lines, Inc.*, 692 F. App'x 806 (9th Cir. 2017).

17. Plaintiff seeks the recovery of meal and rest period premium pay, unpaid wages (including minimum wages, regular rate wages, and overtime wages), itemized wage statement penalties, and waiting time penalties, on behalf of herself and the putative class. (*See* Comp.) The Complaint, on its face, satisfies the $5 million threshold for CAFA removal. *See* 28 U.S.C. § 1332(d).

**1. <u>Relevant Putative Class Data</u>**

18. Plaintiff seeks to certify a single class from August 21, 2019, to the present. From August 21, 2019, to present, Defendant Neovia Logistics Distribution, LP employed, at least 1,548 non-exempt employees in California who worked approximately 93,756 workweeks or 46,878 pay periods. (Howin Decl., ¶ 3.) Those employees had an average hourly rate of approximately $19.78. (*Id*.) During this period, non-exempt employees received bi-weekly wage statements. (*Id*.)

19. From August 21, 2020 to the Notice of Removal, Neovia severed employment with at least 965 non-exempt employees in California, and their average hourly rate was approximately $19.43 (Howin Decl., ¶ 4.) This equals an average daily rate (8 hours) of approximately $155.44 (*Id*.)

20. From August 21, 2022, to Notice of Removal, Neovia issued approximately 14,342 wage statements to at least 816 non-exempt employees in California. (Howin Decl. ¶ 5.)

**2. <u>Waiting Time Penalties (COA 5)</u>**

21. Plaintiff alleges "[d]uring the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members who are no longer employed by Defendants their wages, earned and unpaid, within seventy-

two (72) hours of their leaving Defendants' employ." (Ex. 1, Comp., ¶ 84.) Plaintiff seeks to recover from Defendant[s] *sic* the statutory penalty under Labor Code section 203. (Ex. 1, Comp. Prayer For Relief, ¶ 32.)

22. California Labor Code Section 203 provides "[i]f an employer willfully fails to pay … any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." *Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1398 (2010). The limitations period for such waiting time penalty claims is three years. (*Id.* at 1400).

23. From August 21, 2020 to the Notice of Removal, Neovia severed employment with at least 965 non-exempt employees in California, and their average hourly rate was approximately $19.43 (Howin Decl., ¶ 4.) This equals an average daily rate (8 hours) of approximately $155.44 (*Id.*)

24. Therefore, based on Plaintiff's allegations, the amount in controversy for waiting time penalties is at least **$4,499,988.00** ($19.43 per hour x 8 hours x 30 days x 965 putative class members). *See Crummie v. CertifiedSafety, Inc.*, No. 17-CV-03892-RS, 2017 WL 4544747, at *3 (N.D. Cal. 2017) (finding it "completely reasonable" for the defendant to assume the maximum, 30-day period of waiting time penalties where the allegations support the assumption); *Marentes v. Key Energy Servs. Cal., Inc.*, No. L13–CV–02067 AWI, 2015 WL 756516, at *9 (E.D. Cal. Feb. 23, 2015) (where "wages are alleged to have not been paid, the full thirty days may be used for each of the putative class members.").

**3. <u>Wage Statement Penalties (COA 7)</u>**

25. Plaintiff alleges "Defendants have intentionally and willfully failed to provide Plaintiff and the other class members with complete and accurate wage statements. The deficiencies include, but not limited to: the failure to include the total number of hours worked by Plaintiff and the other class members." (Ex. 1, Comp., ¶ 92.) As a result of this alleged violation, Plaintiff and the members of the Class are

each entitled to recover penalties pursuant to 226(e) of the Labor Code. (Ex. 2, Comp. Prayer For Relief, ¶¶ 40-41.)

26. A one-year statutory period applies to Plaintiff's claim for wage statement penalties. Cal. Code Civ. Proc. § 340(a); *Falk v. Children's Hospital Los Angeles*, 237 Cal.App.4th 1454, 1469 (2015). Labor Code Section 226(e) provides for the greater of all actual damages or $50.00 for the initial pay period in which a violation occurred and $100.00 for each subsequent pay period in which a violation occurred, up to $4,000.00 per putative class member. Lab. Code § 226(e).

27. From August 21, 2022, to Notice of Removal, Neovia issued approximately 14,342 wage statements to at least 816 non-exempt employees in California. (Howin Decl., ¶ 5.)

28. Based on the above, the total amount of potential wage statement penalties to putative class members in controversy is at least **$1,393,400** (816 initial wage statements x $50 = $40,800; 13,526 [14,342– 816] subsequent wage statements x $100 = $1,352,600 [$40,800 + $1,352,600 = $1,393,400]).

**4. Reimbursement (COA 9)**

29. Plaintiff alleges that "during the relevant time period, Plaintiff and Class Members "incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants." (Ex. 1, FAC, ¶ 108.) Plaintiff alleges the failure to reimburse was intentional, willful, and that she and other class members are entitled to recover from Defendant[s] *sic* their business-related expenses, interest thereon at the required rate, and all reasonable costs in enforcing the rights under Labor Code § 2802. (Ex. 1, Comp. Prayer For Relief, ¶¶ 50-51.).

30. Under the UCL, Plaintiff seeks recovery for Defendant's alleged failure to reimburse Plaintiff and Class Members for necessary business-related expenses. (Ex. 1, Comp., ¶ 114.) The statute of limitations for a claim under the UCL is four years. Cal. Bus. & Prof. Code § 17208. Plaintiff thus seeks to certify a reimbursement class dating back four years, to August 21, 2019.

31. From August 21, 2019, to present, Defendant Neovia Logistics Distribution, LP employed, at least 1,548 non-exempt employees in California who worked approximately 93,756 workweeks or 46,878 pay periods. (Howin Decl. ¶ 3.)

32. Defendant may employ reasonable assumptions based on the Complaint to determine the amount in controversy. *Arias v. Residence Inn By Marriott, Ltd.*, 936 F.3d 920, 927 (9th Cir. 2019) ("[A]ssumptions made part of the defendant's chain of reasoning need not be proven; they instead must only have 'some reasonable ground underlying them.") Plaintiff contends consistent and on-going failure to reimburse the putative class for necessary business expenses or losses. Based on the allegations, the alleged unreimbursed business expenses are at least **$937,560**. **(**93,756 workweeks x $10 per week). *See Vallejo v. Sterigenics U.S., LLC*, No. 320CV01788AJBAHG, 2021 WL 2685348, at *6 (S.D. Cal. June 29, 2021) (approving Defendant's assumption that each employee incurred only cell phone expenses of $25 per month, or $300 per year, where the Plaintiff provided no details regarding the total expenses).

**5. <u>Further Data</u>**

33. For purposes of this removal, the above calculations are more than sufficient to support the required $5 million threshold amount in controversy. However, Defendant has provided data sufficient to calculate and support, based on Plaintiff's allegations, an even greater amount in controversy based on meal period penalties, rest period penalties, unpaid time, and Plaintiff's other claims and subclass. (*See* Howin Decl., ¶¶ 2-5.) There is no doubt that, as alleged, the amount in controversy exceeds the requisite threshold.

**6. <u>Attorney Fees</u>**

34. Based on the above, Defendant has demonstrated there is at least **$6,830.948** in controversy.

35. Plaintiff also seeks attorney fees in connection with the above claims. (Ex. 1, Comp. Prayer for Relief ¶¶ 51). In the Ninth Circuit, 25% of the total recovery is the "benchmark level" for reasonable attorney fees in class action cases. *Garibay v.*

*Archstone Communities LLC*, 539 F. App'x 763, 764 (9th Cir. 2013). Using this 25% benchmark, courts have included attorney fees for 25% of the total recovery in determining the amount in controversy under CAFA. *Id.* (contemplating inclusion of 25% of total recovery in attorney fees under CAFA); *Rwomwijhu v. SMX, LLC*, No. CV1608105ABPJWX, 2017 WL 1243131, at *6 (C.D. Cal. Mar. 3, 2017) (including fees in calculation, noting that "courts in the Ninth Circuit, including this one, have allowed an estimated fee award of 25% of a plaintiff's damages in calculating the amount in controversy under CAFA"); *Altamirano v. Shadow Indus., Inc.*, No. C-13-0939 EMC, 2013 WL 2950600, at *13 (N.D. Cal. Jan. 14, 2013) (including 25% attorney's fees to increase the amount-in-controversy to above $5 million CAFA threshold).

36. Assuming an award of attorney fees in the benchmark amount of 25% of the total recovery, the amount in controversy for such fees is **$1,707,737** ($**6,830,948** x 0.25).

**7. <u>Summary</u>**

37. Based on Plaintiff's allegations, the amount in controversy is at least **$8,538,685** ($**6,830,948** + $**1,707,737**). Even excluding Plaintiff's other claims, including meal period penalties, rest period penalties, and overtime wages and minimum wages, the Complaint satisfies the $5 million threshold.

## IV. <u>VENUE IS PROPER IN THIS COURT</u>

38. Under 28 U.S.C. Section 1441(a), this Notice of Removal is filed in the district court of the United States in which the Action is pending. The Superior Court for the County of Riverside is within the Central District of California. 28 U.S.C. § 84(c)(1). As such, venue is proper in this Court because it is the district and division embracing the place where the Superior Court Action is pending. 28 U.S.C. § 1441(a).

39. Under 28 U.S.C. Section 1446(a), this Notice of Removal is accompanied by the Declaration of Tracie Childs, and Exhibits 1 to 3, which constitute a copy of all processes, pleadings, and orders provided to Defendant. (Childs Decl., ¶¶ 2-6.)

40. As required by 28 U.S.C. Section 1446(b) and Federal Rule of Civil Procedure 6(a), this Notice of Removal was filed timely as detailed above.

41. As required by 28 U.S.C. Section 1446(d), Defendant has provided Notice of Removal to Plaintiff through their attorneys of record.

42. As required by 28 U.S.C. Section 1446(d), a copy of the original Notice of Removal will be filed with the Superior Court of the State of California, for the County of Riverside.

43. If this Court has a question regarding the propriety of this Notice of Removal, Defendant requests it issue an Order to Show Cause so it may have an opportunity to provide additional briefing on the grounds for this removal, including further detail regarding the full amount in controversy.

DATED: October 2, 2023

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By: */s/ Tracie Childs*
Tracie Childs

Attorneys for Defendant NEOVIA LOGISTICS DISTRIBUTION, LP